UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONSTANTINE E. VLAMAKIS,

    Plaintiff,

v.                                        CASE No. 8:04-CV-1563-T-30TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

REPORT AND RECOMMENDATION

       The plaintiff in this case, acting pro se, seeks judicial review of the denial of his claim for Social Security disability benefits.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence, I recommend that the decision be affirmed. Moreover, I recommend that the plaintiff's request for a remand be denied because the new evidence upon which the request is based does not satisfy any of the three requirements for a remand.

I.

       The plaintiff, who was forty-four years old at the time his insured status expired and who has a high school education, has worked primarily as

---

[*] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

a service station operator and a tow truck driver (Tr. 80). He filed a claim for Social Security disability benefits, alleging that he became disabled due to hypertension, anxiety disorders and stomach disorders (Tr. 67). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge at which he was represented by an experienced non-attorney Social Security advocate. The law judge found that the plaintiff last met the insured status for disability benefits on December 31, 1997. The law judge concluded that, while the plaintiff presently has severe impairments of gastro-esophageal reflux disease, anxiety disorder with panic attacks and hypertension, the anxiety disorder was not a severe impairment by December 31, 1997 (Tr. 20). The law judge ruled that, as of that date, the plaintiff had the capacity to perform light work in a reduced stress environment (Tr. 21). The law judge determined that these limitations prevented the plaintiff from returning to past work (id.). However, based upon the plaintiff's residual functional capacity, his age and his education, the law judge decided that the medical-vocational guidelines directed the conclusion that the plaintiff was not disabled on, or before, December 31, 1997 (id.). The Appeals Council let this decision stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). In this case, furthermore, the plaintiff must show that he became disabled before his insured status expired on December 31, 1997. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B.  The administrative law judge decided the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims.  See 20 C.F.R. 404.1501 et seq.  Those regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity.  In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled.  These factors are codified in

tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

### III.

The plaintiff's primary problem currently is an anxiety disorder with panic attacks. However, the law judge concluded that, through December 31, 1997, that disorder was not a severe impairment. In other words, at that point, the disorder did not significantly affect the plaintiff's ability to work. 20 C.F.R. 404.1521(a). In light of the meager medical evidence in the record for the period on, or before, December 31, 1997, the law judge's finding is clearly supported by substantial evidence.

The law judge pointed out that, during the period through December 1997, the plaintiff "received no mental health treatment and the records did not indicate the presence of panic attacks or agoraphobia" (Tr. 18). Further, the law judge, after fairly summarizing the medical evidence, gave the following assessment of the relevant information (Tr. 17):

> The claimant's mental impairments may have been at the root of some of his medical illnesses in the past, but the evidence does not support the presence of significant, repeated panic attacks or

>       agoraphobia prior to the date that the claimant last met the insured status requirements of the Act, i.e., December 31, 1997. Mr. Vlamakis did have evidence of anxiety before that date, but this diagnosis did not require specific treatment, and as late as November 2001 the claimant refused psychiatric or psychological intervention. Dr. [Lawrence A.] Gaulkin acknowledged in 1996 that Mr. Vlamakis suffered from anxiety, but he obviously found no reason to refer him for mental health treatment or even to prescribe anti-anxiety medication. At the July 30, 1996 encounter Dr. Gaulkin found the patient to be cheerful, without thought disorder and in no apparent distress. Nothing in the records from the period before December 31, 1997 describes the symptoms and functional limitation required by section 12.06A and B of the Listings. In fact, the limited information about the claimant's mental impairment for the pertinent period does not indicate that the claimant's anxiety disorder was "severe" at that time.

This assessment is clearly a reasonable evaluation of the evidence.

The plaintiff's primary response to the law judge's decision is to seek a remand pursuant to the sixth sentence of 42 U.S.C. 405(g) based upon the submission of a statement from Dr. Gaulkin, the plaintiff's treating physician during the period at issue (see Doc. 10, Ex. A). Notably, that statement cannot be considered in determining whether the law judge's decision is supported by substantial evidence; only the evidence in the administrative record is to be evaluated on that issue. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999).

Aside from the request for a remand based on new evidence, the plaintiff does not raise any meaningful challenge to the law judge's decision. As the Commissioner notes, the plaintiff may be asserting that there is insufficient evidence to support the law judge's decision. Such an argument is patently meritless since it is the lack of evidence that justifies denial of the plaintiff's claim. After all, the claimant bears the burden of proving that he is disabled. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

It is recognized that the plaintiff is proceeding pro se in this court, although he was represented at the administrative hearing. That circumstance, while it may justify liberal construction of arguments that are made, does not authorize this court, on the plaintiff's behalf, to make arguments that are not even suggested by his memorandum. To do so would be unfair to the Commissioner, since she would not have an opportunity to respond to such arguments. Consequently, any potential argument that was not reasonably suggested by the plaintiff's memorandum should be deemed waived.

For example, an argument that is occasionally raised is that the law judge should not have relied upon the guidelines, but instead should have adduced testimony from a vocational expert. The potential response to such an argument here is that the guidelines were appropriately used because the plaintiff's anxiety disorder did not significantly affect the plaintiff's ability to

work on, or before, December 31, 1997, or because the limitation to a reduced stress environment would not meaningfully decrease the number of unskilled jobs upon which the guidelines are based. Accordingly, neither this issue nor any other issue challenging the law judge's decision should be considered in the absence of any airing of those issues in the parties' memoranda.

As indicated, the plaintiff's primary contention is that this case should be remanded under the sixth sentence of §405(g). This request is based upon a statement from Dr. Gaulkin, which is attached to the plaintiff's memorandum.

Newly-submitted evidence may be the basis for a remand under the sixth sentence of §405(g). Falge v. Apfel, supra, 150 F.3d at 1323. In order for a remand to be justified under that provision, the plaintiff must show that (1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the plaintiff's failure to submit the evidence at the appropriate administrative level. Id.

The statement from Dr. Gaulkin does not meet these requirements. All that it said is that "Mr. Constantine Vlamakis was under my care from August 19, 1994 through November 17, 1998 during which time I treated him for chronic generalized anxiety, hypertension, and hyperlipidemia" (Doc. 10, Ex. A). This statement does not even constitute

-8-

new, noncumulative evidence. The record already contains the treatment notes from Dr. Gaulkin (Tr. 190-195). This information, which the law judge discussed in his decision (Tr. 16), is more detailed than Dr. Gaulkin's single-sentence statement.

Furthermore, Dr. Gaulkin's statement is not material. Importantly, the statement does not contain any opinion that the plaintiff was disabled prior to December 31, 1997, or even had any functional limitations by that date. In view of the absence of any expression of functional limitations, there is not a reasonable possibility that the statement would result in a different decision.

In addition, the plaintiff has not shown good cause for the failure to submit Dr. Gaulkin's statement to the law judge before he rendered his decision. The plaintiff indicates that he could not submit Dr. Gaulkin's statement in a timely fashion because he was unable to locate Dr. Gaulkin until after the hearing (Doc. 10, pp. 2-3). However, the record shows that, before the time of the hearing, the plaintiff knew that Dr. Gaulkin was on the staff of the VA hospital (Tr. 38, 127). In light of this knowledge and the fact that the plaintiff was represented through the administrative hearing, the plaintiff has not shown good cause for his failure to submit Dr. Gaulkin's statement to the law judge.

In short, the plaintiff cannot satisfy even one of the three requirements for a sentence-six remand.

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence. Moreover, the plaintiff has failed to show that a sentence-six remand is warranted. I, therefore, recommend that the decision be affirmed.

Respectfully submitted,

DATED: JUNE 28, 2005

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).